# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GRETA MILLER, | : | Civil No. 1:20-CV-00367 |
| Plaintiff, | : | |
| v. | : | |
| STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, | : | |
| Defendant. | : | Judge Jennifer P. Wilson |

## MEMORANDUM

Before the court is Defendant State Farm Mutual Automobile Insurance Company's ("State Farm") unopposed motion to dismiss Count II of the Complaint arguing that Plaintiff fails to plead sufficient facts to state a claim upon which relief can be granted, and arguing that references to "fiduciary duty" should be stricken from Count II of the Complaint. (Doc. 5.) The court holds that Plaintiff Greta Miller ("Miller") did not plead facts sufficient to state a claim for which relief can be granted under Pennsylvania's "bad faith" law. The court further holds that references to "fiduciary duty" will be stricken from the complaint since the issue of fiduciary duty is not pertinent to the breach of the uninsured motorist benefits contract claim. Accordingly, the motion to dismiss will be granted.

### FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Miller initiated this action via complaint in the Court of Common Pleas of York County, Pennsylvania on January 30, 2019. (Doc. 1-2.) The complaint

1

alleges two causes of action: Count I for breach of contract and Count II for bad faith under 42 Pa. Cons. Stat. § 8371. *Id.* On the basis of diversity jurisdiction, State Farm removed this action to this court on March 2, 2020. (Doc. 1.)

The following facts are gleaned from Miller's complaint and are taken as true for the purposes of ruling on State Farm's motion to dismiss. On November 17, 2017, Plaintiff was involved in a motor vehicle accident in which she suffered personal injuries. (Doc. 1-2, ¶ 3.) The other driver fled the scene of the accident and was never identified. (*Id.* ¶ 7.)

Prior to the accident, State Farm issued an automobile insurance policy to Miller, which was in effect on the date of the accident. (*Id.* ¶¶ 4–5.) Miller's policy provided for uninsured motorist benefits in the amount of $50,000 per person and $100,000 per accident, stacked across multiple vehicles, with a total uninsured benefit of $250,000. (*Id.* ¶ 6.) State Farm advanced Miller $5,000, and offered her an additional $5,000 to settle the claim. (*Id.* ¶ 8.)

Miller alleges that State Farm has been supplied with documentation sufficient to fully and fairly evaluate the uninsured motorist claim, but State Farm has failed to do so. (*Id.* ¶¶ 11, 13.) Miller also alleges that State Farm acted in bad faith under 42 Pa. Cons. Stat. § 8371. (*Id.* ¶ 15.)

On March 9, 2020, State Farm filed a motion to dismiss and a brief in support thereof. (Docs. 4, 5.) Following Miller's failure to timely oppose the

motion, the court ordered Miller to show cause why the motion should not be deemed unopposed on April 1, 2020. (Doc. 6.)  Again, Miller did not respond to the order to show cause and has not responded to State Farm's motion to dismiss to date.  Thus, the motion to dismiss is ripe for disposition.

## JURISDICTION

This court has original jurisdiction under 28 U.S.C. § 1332.  The action was properly removed to this court under 28 U.S.C. §§ 1441 and 1446 because complete diversity of citizenship exists between the parties, and the amount in controversy exceeds the sum of $75,000. Venue is proper under 28 U.S.C. § 1391 because this action was pending in the Court of Common Pleas for York County, Pennsylvania at the time of removal.

## STANDARD OF REVIEW

### A. Motion to dismiss under Federal Rule of Civil Procedure 12(b)(6)

In order "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556).  "Conclusory allegations of liability are insufficient" to

survive a motion to dismiss.  *Garrett v. Wexford Health*, 938 F.3d 69, 92 (3d Cir. 2019) (quoting *Iqbal*, 556 U.S. at 678–79).  To determine whether a complaint survives a motion to dismiss, a court identifies "the elements a plaintiff must plead to state a claim for relief," disregards the allegations "that are no more than conclusions and thus not entitled to the assumption of truth," and determines whether the remaining factual allegations "plausibly give rise to an entitlement to relief."  *Bistrian v. Levi*, 696 F.3d 352, 365 (3d Cir. 2012).

### B. Motion to strike under Federal Rule of Civil Procedure 12(f)

Under Federal Rule of Civil Procedure 12(f), a party can move a district court to "strike from a pleading . . . any redundant, immaterial, impertinent, or scandalous matter."  This rule is "designed to reinforce the requirement in Rule 8 . . . that pleadings be simple, concise, and direct."  5C CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1380 (3d ed. 2020 update).  To that end, the purpose of any motion to strike should be to "clean up the pleadings, streamline litigation, and avoid the unnecessary forays into immaterial matters."  *United States v. Educ. Mgmt. Corp.*, 871 F. Supp. 2d 433, 460 (W.D. Pa. 2012) (citation omitted).

Motions to strike should not be used to persuade a court to determine disputed questions of law.  *See Tonka Corp. v. Rose Art Indus., Inc.*, 836 F. Supp. 200, 218 (D.N.J. 1993) (citations omitted).  They also "may not serve as an avenue

to procure the dismissal of all or part of a complaint." *Davila v. N. Reg'l Joint Police Bd.*, 979 F. Supp. 2d 612, 624 (W.D. Pa. Oct. 21, 2013), *vacated in part on reconsideration*, 2014 WL 3735631 (July 28, 2014) (citing *Giles v. Phelan, Hallinan & Schmieg, L.L.P.*, 901 F. Supp. 2d 509, 530-31 (D.N.J. 2012)).

The burden rests with the moving party to show that the challenged matter should be stricken. *In re Ry. Indus. Emp. No-Poach Antitrust Litig.*, 395 F. Supp. 3d 464, 496 (W.D. Pa. 2019). Thus, the movant must demonstrate that the matter falls within one of the categories listed in Rule 12(f). "Immaterial" matter is that which "has no essential or important relationship to [any] claim[s] for relief." *Wagner v. Holtzapple*, 101 F. Supp. 3d 462, 488 (M.D. Pa. 2015) (citing *Del. Health Care, Inc. v. MCD Holding Co.*, 893 F. Supp. 1279 (D. Del. 1995)). "Impertinent" matter consists of "statements that do not pertain, and are not necessary, to the issues in question." *Id.* (citation omitted). And "scandalous" matter is that which "casts a derogatory light on someone, uses repulsive language, or detracts from the dignity of the court." *Id.* (citing *Carone v. Whalen*, 121 F.R.D. 231, 232 (M.D. Pa. 1988)).

## DISCUSSION

In its motion to dismiss, State Farm sets forth two arguments. (Doc. 4.) The first argument concerns Miller's bad faith claim (Count II) and whether it meets pleading standards. The second argument concerns the use of the words "fiduciary

duty" within the breach of contract claim (Count I). The court will address each argument in turn.

### A. Motion to Dismiss Bad Faith Claim

State Farm argues that Miller does not plead sufficient facts to state a claim under Pennsylvania's bad faith statute according to federal pleading standards. (Doc. 5, pp. 4–8.)[1] Pennsylvania's bad faith statute provides the insured with certain remedies when the insurer has acted in bad faith. 42 Pa. Cons. Stat. § 8371. To succeed on a bad faith claim, "the plaintiff must show that the defendant did not have a reasonable basis for denying benefits under the policy and that defendant knew or recklessly disregarded its lack of reasonable basis in denying the claim." *Terletsky v. Prudential Prop. & Cas. Ins. Co.*, 649 A.2d 680, 688 (Pa. 1994); *see also Klinger v. State Farm Mut. Auto. Ins. Co.*, 115 F.2d 230, 233 (3d Cir. 1997); *Rancosky v. Wash. Nat'l Ins. Co.*, 170 A.3d 364, 377 (Pa. 2017).

While the statute does not provide a definition of "bad faith," the Pennsylvania Supreme Court has adopted the Black's Law Dictionary of bad faith, stating

> "Bad faith" on part of the insurer is any frivolous or unfounded refusal to pay proceeds of a policy; it is not necessary that such refusal be fraudulent. For purposes of an action against an insurer for failure to pay a claim, such conduct imports a dishonest purpose and means a breach of a known duty (i.e., good faith and fair dealing), through some

---

[1] For ease of reference, the court utilizes the page numbers from the CM/ECF header.

> motive of self-interest of or ill will; mere negligence or bad judgment is not bad faith.

*Rancosky*, 170 A.3d at 373.

This definition does not add another prong to the test, it merely explains that "self-interest and ill-will, while probative, is not required." *Id.* at 374.  Actions constituting bad faith include, but are not limited to, outright refusal to pay claims and "lack of good faith investigation into facts, and failure to communicate with the claimant." *Condio v. Erie Ins. Exch.*, 899 A.2d 1136, 1142 (Pa. Super. Ct. 2006) (citing *Romano v. Nationwide Mut. Fire Ins. Co.*, 646 A.2d 1228, 1232 (Pa. Super. Ct. 1994)).  "Bad faith claims are fact-specific and depend on the conduct of the insurer vis-à-vis the insured." *Id.* at 1143 (citing *Williams v. Nationwide Mutual Ins. Co.*, 750 A.2d 881, 887 (Pa. Super. Ct. 2000)).

State Farm argues that Miller's bad faith claim should be dismissed because Miller fails to plead facts sufficient to state a claim under Pennsylvania's bad faith statute and under Federal Rule of Civil Procedure 12(b)(6).  The court agrees but will provide Miller leave to amend her complaint to plead sufficient facts.

Regarding her bad faith claim, Miller pleads no specific facts as to State Farm's conduct that show State Farm acted in bad faith.  Miller simply states the elements of the cause of action, that State Farm had no reasonable basis for its conduct, and that State Farm recklessly disregarded its lack of reasonable basis.  (Doc. 1-2, ¶¶ 15–18.)  Miller does not lay out "any facts that describe who, what,

where, when, and how the alleged bad faith conduct occurred." *Mondron v. State Farm Mut. Auto. Ins. Co.*, No. 16-412, 2016 WL 7384183, at *4 (W.D. Pa. Dec. 21, 2016) (quoting *Liberty Ins. Corp. v. PGT Trucking, Inc.*, No. 2:11-cv-151, 2011 WL 2552531, at *4 (W.D. Pa. June 27, 2011)).  Therefore, these statements are conclusory allegations that are insufficient to survive a motion to dismiss.

Since Miller has failed to do anything more than state the elements of her cause of action and provide conclusory allegations about State Farm's conduct, the court will grant the motion to dismiss and Count II of the complaint will be dismissed without prejudice.

### B. Motion to Strike References to Fiduciary Duty in Breach of Contract Claim

In Count I of her complaint, Miller alleges that State Farm owes her a fiduciary duty and that State Farm breached this duty.  (Doc. 1-2, ¶¶ 12–13.)  State Farm argues that any references to fiduciary duty in Count I of the complaint should be dismissed because it does not owe a fiduciary duty to Miller in this context.[2]  (Doc. 5, pp. 8–11.)  The court agrees.

"Under Pennsylvania law, a fiduciary duty higher than the duty of good faith and fair dealing does not arise out of an insurance contract until an insurer

---

[2] The court notes that State Farm argues this issue under the standard for a Rule 12(b)(6) motion, not a motion to strike pursuant to Rule 12(f).  However, because State Farm is requesting that certain paragraphs, rather than an entire count of the complaint, be dismissed, the court will interpret this as a motion to strike and utilize the appropriate Rule 12(f) standard of review.

asserts a stated right under the policy to handle all claims asserted against the insured." *Keefe v. Prudential Prop. & Cas. Ins. Co.*, 203 F.3d 218, 227–28 (3d Cir. 2000).  These are not the circumstances in an uninsured motorist claim. The Pennsylvania Supreme Court held:

> [W]hen faced with [uninsured and underinsured motorist claims], an insurance company's duty to its insured is one of good faith and fair dealing.  It goes without saying that this duty does not allow an insurer to protect its own interests at the expense of its insured's interests.  Nor does it require an insurer to sacrifice its own interests by blindly paying each and every claim submitted by an insured in order to avoid a bad faith lawsuit.

*Condio*, 899 A.2d at 1145.

Miller's breach of contract claim is based on the uninsured motorist benefits in her policy.  Under these circumstances, State Farm does not owe Miller a fiduciary duty. *See Meyers v. Protective Ins. Co.*, No. 3:16-CV-01821, 2017 WL 386644, at *5 (M.D. Pa. Jan. 27, 2017). The statement that State Farm owes Miller a fiduciary duty is not pertinent to her breach of contract claim, which only requires an insurer to act in good faith and fair dealing towards the insured. Permitting references to fiduciary duty would confuse the issues at hand.  Thus, the court will grant State Farm's motion to strike references to it breaching a fiduciary duty, specifically paragraphs 12 and 13 of Miller's complaint.

## CONCLUSION

For the reasons stated herein, State Farm's motion to dismiss will be granted. Specifically, Count II of Miller's complaint will be dismissed without prejudice and with leave to amend, and paragraphs 12 and 13 will be stricken. An appropriate order will issue.

s/Jennifer P. Wilson
JENNIFER P. WILSON
United States District Court Judge
Middle District of Pennsylvania

Dated: June 17, 2020